

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JASON MICHAEL MONTGOMERY,  §<br>Plaintiff,  §<br> §<br>vs.  §     Civil Action No. 1:20-03689-MGL<br> §<br>OFFICER GERMAN GALARZA, NURSE  §<br>GERI GILLESPIE, LIEUTENANT TAHIRAH §<br>THOMAS, and CAPTAIN MICHAEL RASAR, §<br>Defendants.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND
SERVICE OF PROCESS THE COMPLAINT AS TO OFFICER GALARZA**

Plaintiff Jason Michael Montgomery (Montgomery), proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by Officer German Galarza (Galarza) of the Barnwell County Sherriff's Department (BCSD), Nurse Geri Gillespie (Gillespie), a nursing subcontractor used by the Barnwell County Detention Center (BCDC), and Lieutenant Tahirah Thomas (Thomas) and Captain Michael Rasar (Rasar) of the BCDC.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Montgomery's complaint be dismissed without prejudice and without issuance and service of process as to Galarza. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on October 27, 2020.  The Clerk of Court docketed Montgomery's objection on November 2, 2020, as well as two supplements to his objection on November 5 and 6, 2020.  The Court has reviewed the objection and supplements, but holds them to be without merit.  It will therefore enter judgment accordingly.

Montgomery alleges he "was illegally arrested and incarcerated by" Galarza on January 15, 2020, at his mother's residence in Barnwell, South Carolina.  Compl. at 4–5.  He further avers Galarza "manipulated police documents and used unauthorized state funds illegally on . . . three different investigations."  *Id.* at 5.  The remainder of Montgomery's allegations in his complaint concern his conditions of confinement at BCDC.  The Magistrate Judge recommended Montgomery's claims against Galarza are "subject to summary dismissal for failure to make more than conclusory statements pursuant to the standards in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)]."  Report at 4.

The Court, liberally construing Montgomery's objection and supplements, identifies a single objection.  He objects to the Magistrate Judge's recommendation Galarza be summarily dismissed from this action.

In Montgomery's objection and supplements, he further expands on the allegations in his complaint and argues, without legal support, Galarza's failure to completely fill out BCSD criminal informant voucher forms "corrupted the entire process and systems of the investigations" against him, and his claims against Galarza must remain.  Nov. 5 Suppl. at 4.  Montgomery, in support of his position, presents copies of two criminal informant voucher forms showing Galarza failed to sign his name and indicate who authorized the use of the funds utilized in the undercover operation leading to his arrest.  *See id.* at Ex. 1.  But, these voucher forms also include other pertinent information filled out such as the criminal informant's identification number, the date, Montgomery's name, the case number, the type of investigation, the amount of funds received, and the serial number of each bill obtained under the voucher.  *See id.*

The Court is unaware, and Montgomery fails to provide, any case law that makes illegal an arrest involving money obtained from an incompletely filled out criminal informant voucher.  At bottom, Montgomery fails to allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, against Galarza.  Accordingly, this objection will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Montgomery's complaint against Galarza is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 10th day of August 2021, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.