

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JASON MICHAEL MONTGOMERY,  §<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NURSE GERI GILLESPIE, LIEUTENANT §<br>TAHIRAH THOMAS, and CAPTAIN §<br>MICHAEL RASAR, §<br>Defendants. § | Civil Action No. 1:20-03689-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Jason Michael Montgomery (Montgomery), proceeding pro se, filed this lawsuit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights against Nurse Geri Gillespie (Gillespie), a nursing subcontractor used by the Barnwell County Detention Center (BCDC), Lieutenant Tahirah Thomas (Thomas) and Captain Michael Rasar (Rasar) of the BCDC, and Officer German Galarza (Galarza) of the Barnwell County Sherriff's Department. The Court previously dismissed Galarza from this action.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Thomas and Rasar's motion for summary judgment be granted, as well as Gillespie's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on March 25, 2021.  That same day, the Clerk of Court docketed a supplemental filing from Montgomery in opposition to Thomas, Rasar, and Gillespie's motions for summary judgment.  Several days later, on March 29, 2021, the Clerk of Court docketed another supplemental filing from Montgomery in opposition to Thomas, Rasar, and Gillespie's motions for summary judgment.  These two supplements merely reiterate the same arguments made by Montgomery in his response and sur reply to Thomas, Rasar, and Gillespie's motions for summary judgment, as well as include non-relevant information such as a copy of a letter he wrote to a news station about his case.

But, Montgomery failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report and incorporates it herein.  Therefore, Thomas and

Rasar's motion for summary judgment, and Gillespie's motion for summary judgment, are **GRANTED**.

**IT IS SO ORDERED.**

Signed this 10th day of August 2021, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.